```
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3   UNITED STATES OF AMERICA,       )
                                     )
 4                  Plaintiff,       )   Case No. 89 CR 908-20
                                     )
 5   -vs-                            )   Chicago, Illinois
                                     )   April 19, 2018
 6   J.L. HOUSTON,                   )   9:33 a.m.
                                     )
 7                  Defendant.       )

 8                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE REBECCA R. PALLMEYER
 9

10   APPEARANCES:

11   For the Government:     MR. WILLIAM R. HOGAN, JR.
                             MR. BRIAN R. HAVEY
12                           Assistant U.S. Attorneys
                             219 S. Dearborn Street
13                           Chicago, IL  60604
                             (312) 353-5300
14                           E-mail: William.hogan@usdoj.gov
                                     brian.havey@usdoj.gov
15
     For the Defendant:      MS. MIANGEL C. CODY
16                           The Decarceration Collective
                             900 W. Jackson
17                           Suite 7E
                             Chicago, IL  60607
18                           (312) 858-8330
                       E-mail: Miangelcody@decarcerationcollective.org
19

20

21   Court Reporter:

22           KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                     Official Court Reporter
23                 United States District Court
           219 South Dearborn Street, Suite 2524-A
24                    Chicago, Illinois  60604
                   Telephone:  (312) 435-5569
25              Kathleen_Fennell@ilnd.uscourts.gov
```

|   |   |
|---|---|
| | 1   (Proceedings heard in open court:) |

09:33:52

    1    (Proceedings heard in open court:)
    2    THE CLERK: 89 CR 908, United States versus J.L.
    3  Houston for status.
    4    MS. CODY: Good morning, your Honor. MiAngel Cody on
    5  behalf of Mr. J.L. Houston.
    6    THE COURT: Good morning, Ms. Cody.
    7    MS. CODY: Good morning.
    8    MR. HOGAN: Good morning, your Honor. William Hogan
    9  and Brian Havey on behalf of the United States.

09:34:00

  10    THE COURT: Good morning.
  11    All right. We're here for status, and Ms. Cody
  12  submitted an affidavit. Has the government seen that?
  13    MR. HOGAN: We got it at 10:27 last night, and I
  14  looked at it for the first time about 45 minutes ago, so we're

09:34:16

  15  not prepared to address it.
  16    THE COURT: I'm going to address it at least briefly.
  17    Ms. Cody, much of this information is not admissible
  18  by way of an affidavit. For example, paragraphs 7, 8 and 9
  19  and others begin with the words "It is my recollection,"

09:34:37

  20  certain things.
  21    MS. CODY: True.
  22    THE COURT: Now, it happens, those paragraphs are not
  23  problematic because they relate to charges that were filed
  24  against Mr. Houston. They're matters of public record. But

09:34:47

  25  other pieces of information are just not useful.

|   |   |
|---|---|
| 09:35:10 | 1  For example, paragraphs 17, 25, 26, 27, 28, 29 begin |
|   | 2  with the words "I have no recollection 26 years later."  The |
|   | 3  fact that this affiant has no recollection of something means |
|   | 4  absolutely nothing.  It doesn't mean it happened.  It doesn't |
|   | 5  mean it didn't happen.  We just don't know, and it's not |
|   | 6  useful. |
|   | 7  And then the other -- other information that's -- |
|   | 8  that appears in the affidavit that really shouldn't is, for |
|   | 9  example, "On information and belief," et cetera.  On |
| 09:35:26 | 10 information and belief is a disfavored expression even in |
|   | 11 pleading, but for an affidavit, it makes no sense at all.  You |
|   | 12 can't provide us information on information and belief. |
|   | 13 You've got to provide us information about your personal |
|   | 14 knowledge in an affidavit. |
| 09:35:40 | 15      MS. CODY:  Sure.  That's -- this is Judge Hill's |
|   | 16 affidavit.  I would point out that I am very aware of the |
|   | 17 one-year shot clock that I'm under right now, and I have my |
|   | 18 eye on that.  I want to make sure that I'm not fumbling that, |
|   | 19 your Honor. |
| 09:35:59 | 20      So what I would ask, we've been here for the last |
|   | 21 year, for a little under the last year, and the last time we |
|   | 22 were in court, there was discussion about speaking to counsel |
|   | 23 who represented my client at trial. |
|   | 24      If the Court would like to have a hearing about this, |
| 09:36:17 | 25 if the Court would like to bring Judge Hill in to ask him |

1 specifically what he recalls receiving concerning these street
2 files, then we can certainly do that.  That's exactly what I
3 want to happen here.
4 　　　　　I think the question is given everything that I've
5 shown over the last year, given the fact that we have street
6 files, statements, CPD statements from Ann Quinn and others in
7 which "she says Ann admitted she did it," then we also have
8 CPD street files from another witness, Linda Phipps, who said
9 she overheard two men who are not my client talking about
10 committing this murder, is that favorable?  Is that
11 impeaching, or is it exculpatory?  That's the first question.
12 The second question is has it been suppressed?
13 　　　　　Now, if the Court has concerns about the affidavit,
14 then we can have a hearing about that and Judge Hill can take
15 the stand under oath and talk about whether he has any
16 specific memory or recollection of receiving these documents.
17 　　　　　I think what the question is have we made a prima
18 facie showing, right?  Have we shown that there was favorable
19 evidence in these street files.  We have.  Have we shown,
20 prima facie, that it was suppressed, and has there been
21 prejudice?  We know that prejudice runs all through this case
22 because from trial to sentencing to post-conviction appeal to
23 this motion to reduce Mr. Houston's sentence, the government
24 has consistently maintained that he should not be free because
25 he committed these murders.

So for Seventh Circuit purposes, the question is is there a *prima facie* showing here. It's our position that we have done that. I need to -- what would be helpful from the Court is to know if the defense has done that within this one year.

THE COURT: I haven't examined the affidavit in -- in depth. I don't see a need to schedule a hearing unless the affidavit creates a basis for one, and I haven't -- as I say, I haven't examined it paragraph by paragraph, but much of what appears, as I say, is not -- is not useful because critical information is provided "on information and belief."

MS. CODY: Your Honor, just to -- just kind of if I can bring this, you know, full circle.

Here's what you have to do for -- here's what a defense lawyer has to do for a *Brady* claim. We have to prove the negative, right? We have to prove 30 years later that Bill Hogan and company did not produce these documents for my client's trial and, therefore, he didn't have a fair trial, right?

What we do know is from Judge Lefkow's opinion last fall, the City is collaterally estopped from arguing that it didn't have a pattern or practice of withholding street files. That's estopped. That's what Judge Lefkow has already found.

So what the government is really saying here is that notwithstanding the City's pattern or practice of withholding

|       |    |                                                                  |
|-------|----|------------------------------------------------------------------|
|       | 1  | street files, which led to the $22 million verdict in Nathan     |
|       | 2  | Fields' case, which led to the estoppel finding in Judge         |
|       | 3  | Lefkow's case, Kluppelberg, we produced these street files.      |
|       | 4  | That's their position.                                           |
| 09:39:41 | 5  | Now, what Judge Hill's affidavit says is I have no            |
|       | 6  | recollection of ever receiving these documents, A; and, B, if    |
|       | 7  | I had received these documents, it would have been my practice   |
|       | 8  | to investigate. There was a deposition of Ann Quinn. She was    |
|       | 9  | the third girl in this car.                                      |
| 09:40:01 | 10 | THE COURT: Right.                                             |
|       | 11 | MS. CODY: Ann Quinn, her deposition testimony was                |
|       | 12 | offered at this trial. At no point during her deposition does   |
|       | 13 | a capable defense lawyer who later becomes a judge ask her did  |
|       | 14 | you tell the police that you orchestrated this murder? Who     |
| 09:40:20 | 15 | wouldn't? What defense lawyer wouldn't ask that question,    |
|       | 16 | right?                                                           |
|       | 17 | So here, putting all of that together, not only did              |
|       | 18 | he not ask that question of Ann Quinn at her deposition when    |
|       | 19 | you have the person under oath who says that she orchestrated   |
| 09:40:38 | 20 | the murder, a defense lawyer would ask her that. Not only did |
|       | 21 | he not ask her that, there's no indication in the record that   |
|       | 22 | he used any of these police reports to impeach any of the       |
|       | 23 | officers who took the stand, not at the first trial, not at     |
|       | 24 | the second trial, which was reversed because of prosecutorial   |
| 09:40:56 | 25 | misconduct, and not at the third trial.                       |

1 So that's where we are. That's the prima facie
2 showing here.
3 THE COURT: Mr. Havey or Mr. Hogan, do you want to
4 respond?
5 MR. HOGAN: Your Honor, I think we're missing the
6 real issue here, which is that we're here on a motion for a
7 3582 reduction in sentence under the drug laws, not to
8 relitigate a murder that happened 35 years ago for which
9 there's no jurisdiction in this court.
10 Everything that Ms. Cody just said may be very
11 interesting, but there's no basis to conduct a hearing about
12 it at all. Mr. Hill's affidavit certainly doesn't provide
13 one.
14 The information in Ms. Cody's pleadings are all
15 basically contradicted by the materials that we furnished her,
16 including the deposition that was conducted by Judge Tinder or
17 while he presided in his trial back in 1993 in which Mr. Hill
18 clearly had all this information and used it to cross-examine
19 Ms. Quinn, so --
20 MS. CODY: Your Honor, if I may respond briefly.
21 If the -- A, I find it particularly interesting that
22 in all of my filings over the last two years, the government
23 has never responded in writing. What they do is they come
24 into court and they start referencing transcripts without page
25 numbers, so, A, I think the government should respond in

09:42:40

09:43:04

09:43:17

09:43:25

09:43:35

1 writing. I'm not sure if Mr. Hogan is a witness or if he's
2 representing the government today.
3     Second, if the government will point to somewhere in
4 this record where Judge Hill, then Mr. Houston's lawyer, asked
5 Ann Quinn didn't you tell police that you orchestrated this
6 murder, I'll withdraw my motion. They need to point it out.
7     THE COURT: This is really procedurally very
8 confusing to me, and although, again, portions of the
9 affidavit may be useful in some context, many portions are
10 not, and I'm not sure exactly whether it's this context that
11 they're useful in.
12     In any case, why don't I -- the government just got
13 this last night. I'm going to ask that they provide a very
14 brief response to it, and then I think we should have a
15 complete record on which I can rule.
16     MR. HOGAN: We'd like at least a month to do that.
17 We have lots of other things going on.
18     THE COURT: How much time do you need?
19     MR. HOGAN: A month.
20     THE COURT: 30 days is fine.
21     MS. CODY: Your Honor, may I say one thing about --
22 and I started my comments today indicating that I'm aware of
23 the shot clock here.
24     The government has again stated that they believe
25 that I'm not here on the correct procedural grounds. That

1 means that I will have to go up to the Seventh Circuit and get
2 permission -- first of all, I don't believe that this is a
3 second or successive habeas petition because the claim was
4 buried by the government for over two decades.
5 But if I go up to the Seventh Circuit and ask for
6 permission to file under 2255, I have to be able to say that
7 I've presented a prima facie case of a constitutional claim,
8 here *Brady*. So what the government is attempting to do with
9 their "we have a lot of other stuff to do" is to make sure
10 that that shot clock runs, and I can't let that happen.
11     MR. HOGAN: Your Honor, we were here six months ago.
12 This affidavit's dated last week. She served it on us at
13 10:30 last night.
14     MS. CODY: Your Honor, what I'm asking is for the
15 Court to indicate something that says that we have at least
16 made a prima facie case that this warrants more exploration.
17 It sounds like the Court is doing that by asking --
18     THE COURT: I -- it is -- it's -- right now it's a
19 3582, it's a 3582 sentence reduction. If you're making
20 comments about second or successive, that suggests to me that
21 you want to file a 2255.
22 And if you want to file a 2255, I do think you have
23 to get leave from the Court of Appeals to do that, and there's
24 no procedure in which before the Court of Appeals does that it
25 asks the Court for some kind of prima facie finding. That's

    not how it works. You just go to the Court of Appeals to ask for leave to do that.

    MR. HOGAN: And we agree with that -- we agree with that entirely.

    MS. CODY: I understand that, your Honor. What I'm asking is we've been here for a year, okay? And we all know that going up to the Seventh Circuit and asking for -- first of all, I'm aware that we have a 3582(c) motion, and that's the procedural grounds which I would like to proceed on.

    But I also have to make sure I'm not being ineffective by blowing a one-year deadline, right? So what I'm asking, given what we've said thus far, shown the Court thus far, in all of our unanswered pleadings is that the Court say something so I can order this transcript, attach it to my petition to the Seventh Circuit.

    Otherwise, they're going to dismiss. I can't appeal that, I can't go to the Supreme Court. I'm stuck.

    THE COURT: I just looked at that -- at this recently within the last 24 hours, may not have been as late as when it first came to the government, but it's within the last 24 hours.

    It's riddled with hearsay. It's riddled with the comments "on information and belief." I'm not prepared to make a finding about prima facie anything.

    MS. CODY: Okay.

1  THE COURT:  It's your position that you've made such
2  a finding.  I don't know that you need my imprimatur in order
3  -- if you want to go to the Court of Appeals and say it's time
4  for me to file a second and successive petition, I urge you to
5  do that now.
6  MS. CODY:  Okay.
7  THE COURT:  I don't think you need -- the Court
8  doesn't somehow bless the petition --
9  MS. CODY:  I understand.
10 THE COURT:  -- until it's before me.  What I do have
11 before me is the 3582 petition.  The government is going to
12 respond in 30 days.  That puts us at --
13 MR. HOGAN:  We responded to that a long time ago.
14 THE COURT:  Well, respond to this new affidavit
15 within 30 days, and that would be on -- that would be
16 May 18th.  And then reply 14 days is June 1st.  I'll set a
17 ruling date of June 8th.
18 MS. CODY:  That's perfect, your Honor.
19 THE COURT:  10:00.
20 MS. CODY:  Thank you.
21 THE COURT:  Thank you.
22 (Which were all the proceedings heard.)

CERTIFICATE

23 I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.
24 */s/Kathleen M. Fennell*          April 24, 2018
25 _____     _____
Kathleen M. Fennell                     Date
Official Court Reporter